**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HISHAM A. KHALEEL,

     **Plaintiff,**

    - against -

HEIGHTENED SECURITY SVC, INC.,

     **Defendant.**

:
:
:
:
:
:
:
:
:
:

USDC SDNY
DOCUMENT
ELF... 
DOC... 1-18-17

**OPINION AND ORDER**

**15-CV-1387 (ALC) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

*Pro se* Plaintiff Hisham A. Khaleel ("Khaleel") commenced this action against his former employer, Defendant Heightened Security Svc, Inc. ("Heightened") on February 21, 2015. (Doc. No. 2.) The Court granted several of Khaleel's requests to extend or suspend discovery (Doc. Nos. 28, 30, 37, 38, 39, 41.), and on August 11, 2016, the Court set September 2, 2016, as the final discovery deadline. (Doc. No. 41.)

On August 30, 2016, Khaleel filed a motion for sanctions against Heightened and requested an emergency conference, alleging that Heightened failed to appear at depositions. (Doc. No. 44.) On that same day, Khaleel requested, and soon after obtained, two subpoenas for third-party entities—the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("NYSDHR"). On August 31, 2016, Heightened filed a motion to quash the third-party subpoenas. (Doc. No. 46.) On September 2, 2016, Heightened filed a response to Khaleel's motion for sanctions. (Doc. No. 47.) The Equal Employment Opportunity Commission filed a motion to quash its subpoena on September 14, 2016. (Doc. No. 52.) For the following reasons, Khaleel's motion for sanctions and an emergency

conference is **DENIED**, and the motions to quash the third-party subpoenas filed by Heightened and the EEOC are **GRANTED**.

## II.    BACKGROUND

Following a status conference held on November 2, 2015, fact discovery was initially set to close on December 18, 2015. (Doc. No. 21.) On three occasions, Khaleel requested extensions and suspensions of discovery for personal matters, including insect extermination and financial difficulties. (Doc. Nos. 28, 37, 39.) The Court granted each of his requests, and on August 11, 2016, the final discovery deadline was set to September 2, 2016. (Doc. Nos. 30, 38, 41.) The Court warned Khaleel that failure to prosecute might result in the dismissal of his case. (Doc. No. 41.) Additionally, the Court granted Khaleel's request to depose four of Heightened's former employees and denied Khaleel's request to conduct third-party discovery. (Doc. Nos. 30, 36.)

On August 22, 2016, ten days before the close of discovery, Khaleel began contacting court personnel to reserve a deposition room. (Doc. No. 44.) On August 23, 2016, Khaleel was notified that a room was available the entire week of August 29, 2016. *Id.* Khaleel alleges that between August 22 and August 25, 2016, he repeatedly called Heightened's counsel to schedule depositions but got no response. *Id.* On Friday, August 26, 2016, Khaleel attempted to hand deliver deposition notices and, when unsuccessful, he sent the deposition notices via overnight mail. *Id.* Heightened did not receive deposition notices addressed to it and to former employees until Monday, August 29, 2016—the day Khaleel intended for the depositions to begin. (Doc. No. 47.)

On August 29, 2016, Heightened did not appear for depositions. (Doc. No. 44, 47.) Heightened's counsel called Khaleel to schedule the deposition of its representative, James

2

Harris ("Harris") for September 1, 2016. (Doc. No. 47.) Heightened also allegedly reiterated that former employees were not under its control, and that Heightened was not responsible for arranging their depositions. *Id.* That same day, Khaleel filed a motion for sanctions against Heightened for its failure to appear for depositions. (Doc. No. 44.)

On August 31, 2016, Khaleel attempted to serve subpoenas on the EEOC and the NYSDHR. (Doc. Nos. 49, 50.) The subpoena addressed to the EEOC was served. (Doc. Nos. 49, 52.) The EEOC immediately attempted to contact Khaleel via telephone and email, without a response, to inform him that a representative would not be attending the deposition on September 1, 2016. (Doc. No. 52.) The EEOC later filed a motion to quash the subpoena. *Id.* Heightened also filed a motion to quash the third-party subpoenas, citing the Court's April 18, 2016 Order denying Khaleel's request to conduct this third-party discovery. (Doc. Nos. 36, 46.)

On September 1, 2016, Heightened appeared for the deposition of Harris. Heightened arrived shortly before 10 a.m., but the deposition did not begin until after 12 noon. (Doc. No. 47.) The deposition ended promptly at 5 p.m. when the deposition room was closed. *Id.*

On September 2, 2016, Heightened filed a response to Khaleel's motion for sanctions. (Doc. No. 47.) Heightened argued that it should not be sanctioned because 1) Khaleel unilaterally scheduled the depositions and failed to serve proper notice, and 2) Heightened provided addresses of former employees months prior. (Doc. No. 47.)

## III.   DISCUSSION

### A. Sanctions Are Unwarranted

When a party fails to attend a deposition, sanctions are appropriate when "a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition."

3

Fed. R. Civ. P. 37(d)(1)(A)(i). "A party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). Khaleel did not serve deposition notices on Heightened until August 26, 2016, via overnight mail. (Doc. Nos. 44, 47.) Service was made just one business day before Khaleel intended for the deposition to occur. Khaleel's motion for sanctions does not allege or document attempts to schedule depositions prior to August 22, 2016. (Doc. No. 44.)

On August 29, 2016, Heightened contacted Khaleel to reschedule Harris's deposition before the close of discovery, despite the short notice. (Doc. No. 47.) The deposition was held on September 1, 2016. *Id.* Thus, Khaleel does not provide information that Heightened impeded "the fair examination of the deponent," warranting sanctions. Fed. R. Civ. P. 30(d)(2). The deposition did occur and within the discovery deadline. Given the circumstances, Khaleel's motion for sanctions is **DENIED**.

**B.  The Third-Party Subpoenas Are Quashed**

On April 18, 2016, the Court denied Khaleel's request to obtain third-party discovery, including discovery from the NYSDHR. (Doc. No. 36.) Khaleel obtained subpoenas for the EEOC and the NYSDHR despite the Court's Order. Additionally, the Court must quash subpoenas, on timely motion, that do not "allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). Khaleel served the EEOC with a deposition notice on August 31, 2016, for a deposition Khaleel had scheduled to occur on September 1, 2016. (Doc. Nos. 49, 52.) For these reasons, the requests filed by Heightened and the EEOC to quash the subpoenas issued to third-party agencies are **GRANTED**.

## IV.    CONCLUSION

Because Khaleel did not timely notice depositions and subpoenaed third-party agencies in violation of a Court Order, Khaleel's motion for sanctions and an emergency conference is

4

**DENIED**, and the motions to quash the third-party subpoenas are **GRANTED**.  The Parties are required to file a joint status letter on or before **February 2, 2017**, indicating whether the Parties anticipate filing pretrial motions, along with a proposed briefing schedule.

**SO ORDERED this 18th day of January 2017.**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

A copy of this Opinion was mailed to:

Hisham A. Khaleel
1040 Carroll Street, Apt. 5G
Brooklyn, NY 11225

MAILED BY CHAMBERS